NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO FERNANDO RODRIQUES, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 21-1380 Agency No. A038-207-575 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2025**
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Ricardo Fernando Rodriques, a native and citizen of Jamaica, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing his

appeal from a final removal order from an Immigration Judge ("IJ"), which denied

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his claim for relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Reviewing the BIA's legal conclusions de novo and factual findings for substantial evidence, *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (citation omitted), we deny the petition.

Substantial evidence supports the BIA's determination that Rodriques has not shown that it "is more likely than not" that Jamaican officials would "consent or acquiesce[]" to any harm he suffers in Jamaica. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) (quoting 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1)). Jamaican officials did not acquiesce to the gang attacks he experienced in U.S. federal custody, so such attacks do not constitute "past torture" sufficient to create a presumption of Jamaican officials' acquiescence to future attacks. *See G.C. v. Bondi*, 136 F.4th 832, 845–46 (9th Cir. 2025). Rodriques's generalized testimony that Jamaican officials work with the gang does not compel a finding that Jamaican officials would likely acquiesce to his torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (holding that generalized evidence of police corruption did not establish the particularized risk of future torture with government acquiescence necessary for CAT relief). Nor

---

[1] The BIA also affirmed the IJ's denial of Rodriques's derivative-citizenship claim. After we granted the Government's motion to transfer that claim to district court for de novo review, the parties jointly stipulated to dismiss it. We therefore do not address that claim.

does the news article cited by Rodriques, which describes increased gang violence in Jamaica, compel a finding that Jamaican officials acquiesce to such violence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). And Rodriques cites to no binding authority holding that Jamaican officials acquiesced to torture by gangs.

**PETITION DENIED.**